IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

v.

[1] JOSE GONZÁLEZ-CIRINO,
Defendant.

CRIMINAL NO. 19-154 (FAB)

## PLEA AND FORFEITURE AGREEMENT

The United States of America, Defendant, [1] JOSE GONZÁLEZ-CIRINO, and his counsel, Laura Maldonado-Rodríguez, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), state to this Honorable Court that they have reached a Plea and Forfeiture Agreement, the terms and conditions of which are as follows:

### 1. Charges to which Defendant will Plead Guilty

Defendant agrees to plead guilty to Counts Two and Five. By pleading guilty, Defendant accepts that he committed the acts as charged in Counts Two and Five of the Indictment.

**Count Two:**

That at all times material to this Indictment, Evinmotors is a company engaged in the retail sale of motorcycles, all-terrain vehicles, watercraft, and boats, an industry that affects interstate or foreign commerce. That on or about February 19, 2019, in the District of Puerto Rico and within the jurisdiction of this Court, [1] JOSE GONZÁLEZ-CIRINO, aiding and abetting others, did unlawfully attempt to obstruct, delay and affect commerce as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and

commodities in such commerce, by robbery as that term is defined in Title 18, United States Code, Section 1951, in that the he and others attempted to unlawfully take property (motorcycles) from Evinmotors in the presence of a security guard, against his will by means of actual and threatened force, violence, and fear of injury, by threatening the security guard with a firearm and tying him up in an attempt to commit the robbery. All in violation of Title 18, United States Code, Section 1951 and Title 18, United States Code, Section 2.

**Count Five:**

That on or about February 19, 2019, in the District of Puerto Rico and within the jurisdiction of this Court, [1] JOSE GONZÁLEZ-CIRINO, aiding and abetting others, did knowingly possess and brandish firearms in furtherance of a crime of violence, as charged in Count[] Two … of this Indictment, for which they may be prosecuted in a court of the United States – that is, interfering with commerce by threats or violence, in violation of Title 18, United States Code, Section 1951….All in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii) and Title 18 United States Code, Section 2.

2. **Maximum Penalties**

**Count Two:** The statutory penalty for the offense charged in Count Two of the Indictment is a maximum term of imprisonment of twenty years pursuant to Title 18, United States Code, Section 1951(a); a fine not to exceed two hundred and fifty thousand dollars pursuant to Title 18, United States Code, Section 3571(b)(3); a special monetary assessment of one hundred dollars pursuant to Title 18, United States Code, Section 3013(a)(2)(A); and a supervised release term of not more than three years pursuant to Title 18, United States Code, Section 3583(b)(1).



**Count Five:** The statutory penalty for the offense as charged in Count Five of the Information (brandishing a firearm during and in relation to a crime of violence) is a minimum term of imprisonment of seven years and a maximum term of imprisonment of life pursuant to Title 18, United States Code, Section 924(c)(1)(A)(ii); a fine not to exceed two hundred and fifty thousand dollars pursuant to Title 18, United States Code, Section 3571(b)(3); a special monetary assessment of one hundred dollars pursuant to Title 18, United States Code, Section 3013(a)(2)(A); and a supervised release term of not more than five years, pursuant to Title 18, United States Code, Section 3583(b)(1).

### 3. Sentencing Guidelines Applicability



Defendant understands that the sentence will be left entirely to the sound discretion of the Court in accordance with Title 18, United States Code, Sections 3551-3586, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which have been rendered advisory by the United States Supreme Court decision in United States v. Booker, 543 U.S. 220 (2005). Further, Defendant acknowledges that parole has been abolished and that the imposition of his sentence may not be suspended.

### 4. Special Monetary Assessment

Defendant agrees to pay a special monetary assessment of one hundred dollars ($100.00), per count of conviction, to be deposited in the Crime Victim Fund, pursuant to Title 18, United States Code, Section 3013(a)(2)(A).



### 5. Fines and Restitution

Defendant is aware that the Court may, pursuant to U.S.S.G. Section 5E1.2, order him to pay a fine sufficient to reimburse the government for the costs of any imprisonment,

probation, or supervised release ordered. The Court may also impose restitution. The United States will make no recommendations as to the imposition of fines.

6. **Sentence to be Determined by the Court**

Defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot make and has not made any promise or representation as to what sentence Defendant will receive. Any discussions that the parties might have had about possible sentences are not binding in any way on the Court, and do not constitute representations about what the parties will seek, or what the actual sentence will be.

7. **Recommended Sentencing Guidelines Calculations**

After due consideration of the relevant factors enumerated in Title 18, United States Code, Section 3553(a), the United States and Defendant submit that the advisory Guidelines calculations listed below apply to Defendant. However, Defendant acknowledges that the Court is not required to accept those recommended Guidelines calculations.



| COUNT TWO: SENTENCING GUIDELINES CALCULATIONS 18 U.S.C. § 1951 | | | | | |
|---|---|---|---|---|---|
| Base Offense Level [USSG § 2B3.1(a)]: Robbery | | | | | 20 |
| Adjustment [USSG § 3E1.1(a)]: Defendant timely accepted responsibility and offense level | | | | | -3 |
| **TOTAL ADJUSTED OFFENSE LEVEL** | | | | | 17 |
| CHC I | CHC II | CHC III | CHC IV | CHC V | CHC VI |
| 24-30 | 27-33 | 30-37 | 37-46 | 46-57 | 51-63 |

| COUNT FIVE: | |
|---|---|
| 18 U.S.C. § 924(c)(1)(A)(ii) | |
| A minimum consecutive term of imprisonment of eighty-four (84) months is mandatory | 84 months (to run consecutively to the sentence imposed for Count Two) |

8. **Sentence Recommendation**

After due consideration of the relevant factors enumerated in Title 18, <u>United States Code</u>, Section 3553(a), for Count Two, the parties will jointly request a sentence of imprisonment at the lower end of the applicable guideline range at a total adjusted offense level of seventeen (17) when combined with Defendant's criminal history category as determined by the Court. For Count Five, the parties will jointly request a sentence of imprisonment of eighty-four (84) months to run consecutive to the term of imprisonment in Count Two.

The parties agree that any recommendation by either party for a term of imprisonment below or above the stipulated sentence recommendation constitutes a material breach of the Plea and Forfeiture Agreement.



9. **No Stipulation as to Criminal History**

The parties do not stipulate as to any Criminal History Category for Defendant.

10. **Waiver of Appeal**

The defendant knowingly and voluntarily agrees that, if the imprisonment sentence imposed by the Court is one hundred and fourteen (114) months or less, the defendant waives the right to appeal any aspect of this case's judgment and sentence, including but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

**11. No Further Adjustment or Departures**

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variance sentence under Title 18, United States Code, Section 3553 shall be sought by Defendant. The parties agree that any request by Defendant for an adjustment or departure will be considered a material breach of this Plea and Forfeiture Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

**12. Satisfaction with Counsel**

Defendant represents to the Court that he is satisfied with counsel, Laura Maldonado-Rodríguez, and asserts that counsel has rendered effective legal assistance.

**13. Right Surrendered by Defendant Through Guilty Plea**



Defendant understands that by entering into this Plea and Forfeiture Agreement he surrenders certain rights as provided in this agreement. Defendant understands that the rights of criminal Defendants include the following:



a. If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree.

b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

6

    c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

    d. At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

    e. At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

### 14. Stipulation of Facts



The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea and Forfeiture Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect and, had the matter proceeded to trial, that the United States would have proven those facts beyond a reasonable doubt.

### 15. Limitations of Plea Agreement

This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant.   It does not bind any other federal district, state, or local authorities.

### 16. Entirety of Plea Agreement

This written agreement constitutes the complete Plea Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea Agreement and denies the existence of any other terms and conditions not stated herein.

17. **Amendments to Plea Agreement**

No other promises, terms or conditions will be entered into between the parties unless they are in writing and signed by all parties.

18. **Dismissal of Remaining Counts**

At sentencing should there be any pending counts and should the Defendant comply with the terms of this Plea Agreement, the United States will move to dismiss the remaining counts of the Indictment pending against Defendant in this case.

19. **Voluntariness of Plea Agreement**

Defendant acknowledges that no threats have been made against Defendant and that Defendant is pleading guilty freely and voluntarily because Defendant is guilty.

20. **Breach and Waiver**



Defendant agrees that defendant will have breached this Plea Agreement if, after entering into this Plea Agreement, Defendant: (a) fails to perform or to fulfill completely each and every one of Defendant's obligations under this Plea Agreement; (b) engages in any criminal activity prior to sentencing; or (c) attempts to withdraw Defendant's guilty plea. In the event of such a breach, the United States will be free from its obligation under this Plea Agreement and Defendant will not have the right to withdraw the guilty plea. Moreover, Defendant agrees that if Defendant is in breach of the Plea Agreement, Defendant is deemed to have waived any objection to the reinstatement of any charges under the Indictment, Information, or complaint which may have previously been dismissed or which may have not been previously prosecuted.

21. **Potential Impact on Immigration Status**

Pursuant to Federal Rule of Criminal Procedure 11(b)(1)(O), Defendant hereby agrees and recognizes that if convicted, a Defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

22. **Felony Conviction**

Defendant hereby agrees and recognizes that the plea of guilty in this case will be recognized as a felony conviction, which will result in the loss of certain rights, including but not limited to the right to vote in a federal election, to serve as a juror, to hold public office, and to lawfully possess a firearm.

[INTENTIONALLY LEFT BLANK]

23. **Firearms and Ammunition Forfeiture**

Pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), Defendant agrees to forfeit Defendant's rights and interest any firearms and ammunition involved or used in the commission of the offense, including, but not limited to: one black Glock pistol, Model 22, Serial Number DTZ053, with a green rubber grip.

W. STEPHEN MULDROW
United States Attorney

_____
Jonathan Gottfried
Assistant United States Attorney
Chief, Violent Crimes
Dated: 12/1/21

_____
Laura Maldonado-Rodríguez
Counsel for Defendant
Dated: 2/23/2022

_____
Linet Suárez
Assistant United States Attorney
Dated: 12/06/21

_____
Jose González-Cirino
Defendant
Dated: 2/23/22

## UNDERSTANDING OF RIGHTS

I have consulted with my counsel and fully understand all of my rights with respect to the Indictment pending against me. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the <u>Sentencing Guidelines</u>, <u>Policy Statements</u>, <u>Application</u>, and <u>Background Notes</u> which may apply in my case. I have read this Plea and Forfeiture Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the plea agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and voluntarily agree to it.

Date: 2/23/2022

_____
Jose González-Cirino
Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending Indictment. Further, I have reviewed the provisions of the <u>Sentencing Guidelines</u>, <u>Policy Statements</u>, <u>Application</u>, and <u>Background Notes</u>, and I have fully explained to Defendant the provisions of those guidelines which may apply in this case. I have carefully reviewed every part of this Plea and Forfeiture Agreement with Defendant. I have translated the plea agreement and explained it in the Spanish language to the defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this Plea and Forfeiture Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: 2/23/22

_____
Laura Maldonado-Rodríguez
Counsel for Defendant

11

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the United States of America and Defendant agree that the following recitals provide a true and accurate summary of the facts leading to his acceptance of criminal responsibility for committing the acts as charged in the Indictment, in violation of Title 18, United States Code, Sections 1951, 924(c)(1)(A)(ii), and 2. The following is a synopsis of the facts in this case:

On February 19, 2019, Defendant and others went to Evinmotors, a company engaged in the retail sale of motorcycles that affects interstate or foreign commerce. The purpose of the visit was to break into the Evinmotors facility and steal motorcycles. In carrying out the plan, Defendant and others possessed firearms, including one black Glock pistol, Model 22, Serial Number DTZ053, with a green rubber grip. While attempting to break into the Evinmotors facility, Defendant and others encountered a security guard. Defendant and others brandished firearms at the security guard and threatened force, violence, and fear of injury, to carry out their plan. The attempt to break into the Evinmotors facility was ultimately unsuccessful as everyone fled when alarms started going off. Defendant was apprehended and confessed to going to Evinmotors to steal motorcycles.

By pleading guilty, Defendant accepts that he committed the offense as charged in Count Two of the Indictment (aiding and abetting a Hobbs Act Robbery), in violation of Title 18, United States Code, Sections 1951 and 2. Defendant further accepts that he committed the offense as charged in Count Five of the Indictment (Brandishing Firearms in Furtherance of a Crime of Violence), in violation of Title 18, United States Code, Sections 924(c)(1)(A)(ii) and 2.

At trial, the United States would have proven beyond a reasonable doubt that

Defendant is guilty as charged in Counts Two and Five of the Indictment. This would have been proven through physical and documentary evidence, including, but not limited to, live testimony of witnesses and agents, recovered evidence, photographs, documents, and other physical evidence.

Discovery was timely made available to Defendant for his review.

Linet Suárez
Assistant United States Attorney
Dated: 12/06/21

Laura Maldonado-Rodríguez
Counsel for Defendant
Dated: 2/23/2022

Jose González-Cirino
Defendant
Dated: 2/23/2022

13